UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDUARDO BAUTISTA-BERROA,** :
: 
      **Petitioner,** : **CIVIL NO. 3:CV-03-303**
:
      **v.** : **(Judge Caputo)**
:
**KENNETH J. ELLWOOD,** :
:
      **Respondent.** :

## O R D E R

Petitioner, Eduardo Bautista-Berroa (A77 625 572), an inmate at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondent is Kenneth J. Ellwood. Petitioner, a native and citizen of the Dominican Republic, was ordered removed from the United States, and he commenced the instant action to challenge his removal.

This Court no longer has jurisdiction to hear habeas petitions challenging final orders of removal, and the Court finds that transfer of the case to the appropriate Court of Appeals is warranted. On May 11, 2005, the Real ID Act of 2005 was signed into law by President George W. Bush. Pub. L. No. 109-113 (May 11, 2005). Section 106 of the Real ID Act of 2005 amends section 242 (8 U.S.C. § 1252) of the Immigration and Nationality Act (INA), so as to remove jurisdiction from federal district courts to hear habeas petitions challenging final orders of removal, and to transfer such cases to the appropriate court of appeals as a petition for review. Real ID Act § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252 (a) (4))). The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2). Here, the appropriate court appears to be the United States Court of Appeals for the Third Circuit.

**ACCORDINGLY, THIS 16th DAY OF SEPTEMBER, 2005, IT IS HEREBY ORDERED THAT:**

      1.  On or before September 26, 2005, the parties shall inform the Court whether they oppose or concur with transfer of this case to the appropriate Court of Appeals, as set forth above.

      2.  In the event that a party opposes transfer of this action, such party shall provide the Court with the basis for such opposition together with the response.

      3.  In the event that a party concurs with such transfer, the party shall simultaneously notify this Court of the appropriate Court of Appeals to which such transfer shall be made.

      4.  If the parties do not respond to the Court on or before September 26, 2005, the Court will transfer this matter to the United States Court of Appeals for the Third Circuit under the Real ID Act of 2005.

       /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge